%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KAREEM SMITH
6728 North 16th Street
Philadelphia, PA   19126

(b) County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
JAFFE & HOUGH,
1907 Two Penn Center
Phila., PA  19102   (215) 564-5200

## DEFENDANTS
PHILADELPHIA POLICE OFFICER RICARDO HANTON, et al.
Badge #5448, c/o City Solicitor's Office
1515 Arch Street, Phila., PA   19102

County of Residence of First Listed Defendant   **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§ 1983 and § 1331
Brief description of cause:
Plaintiff claims constitutional violations including the defendant police officers' use of excessive force.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   None
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   March 16, 2011
SIGNATURE OF ATTORNEY OF RECORD
Timothy R. Hough, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KAREEN SMITH | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA POLICE OFFICER RICARDO HANTON, Badge #5448, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| March 16, 2011 | Timothy R. Hough, Esq. | Kareem Smith |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** plaintiff |
| (215) 564-5200 | (215) 563-8729 | jafhough@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6728 North 16th Street, Philadelphia, PA 19126

Address of Defendant: 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Timothy R. Hough, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 16, 2011    Attorney-at-Law    #40898    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 16, 2011    Attorney-at-Law    #40898    Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREEM SMITH                                            :        CIVIL ACTION NO.
                                                        :
v.                                                      :
                                                        :
PHILADELPHIA POLICE OFFICER                             :
RICARDO HANTON, Badge #5448                             :
and                                                     :
PHILADELPHIA POLICE OFFICER                             :
STEPHEN MANCUSO, Badge #4227                            :
and                                                     :
PHILADELPHIA POLICE OFFICER                             :
JASON REID, Badge #4415                                 :
and                                                     :
PHILADELPHIA POLICE SERGEANT                            :
MICHAEL WHALEY, Badge #8551                             :
and                                                     :
PHILADELPHIA POLICE OFFICER DAVIS,                      :
a/k/a OFFICER JOHN DOE                                  :
and                                                     :
PHILADELPHIA POLICE OFFICER ANDERSON,                   :
a/k/a OFFICER JOHN DOE                                  :
and                                                     :
PHILADELPHIA POLICE SERGEANT KEIFER,                    :
a/k/a SERGEANT JOHN DOE                                 :
and                                                     :
CITY OF PHILADELPHIA POLICE                             :
DEPARTMENT                                              :
and                                                     :
CITY OF PHILADELPHIA                                    :

**CIVIL ACTION COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania.

2.      This Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

3. Plaintiff is **KAREEM SMITH**, an adult individual residing at 6728 North 16th Street in Philadelphia, Pennsylvania.

4. Defendant is **PHILADELPHIA POLICE OFFICER RICARDO HANTON, Badge #5448,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, Kareem Smith, on April 6, 2009.

5. Defendant is **PHILADELPHIA POLICE OFFICER STEPHEN MANCUSO, Badge #4227**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, Kareem Smith, on April 6, 2009.

6. Defendant is **PHILADELPHIA POLICE OFFICER JASON REID, Badge #4415**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, Kareem Smith, on April 6, 2009.

7. Defendant is **PHILADELPHIA POLICE SERGEANT MICHAEL WHALEY, Badge #8551**, at all times relevant to this complaint, was and/or is a police sergeant with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia, and who was acting among the officers who arrested the plaintiff, Kareem Smith, on April 6, 2009.

8. Defendant is **PHILADELPHIA POLICE OFFICER DAVIS**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and whose first name is currently unknown and who is therefore also referred to as Police Officer **JOHN DOE** and who was among the officers who participated in the assault and arrest of the plaintiff, Kareem Smith, on April 6, 2009.

9. Defendant is **PHILADELPHIA POLICE OFFICER ANDERSON**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and whose first name is currently unknown and who is therefore also referred to as Police Officer **JOHN DOE** and who was among the officers who participated in the assault and arrest of the plaintiff, Kareem Smith, on April 6, 2009.

10. Defendant is **PHILADELPHIA POLICE SERGEANT KEIFER**, an adult individual employed as a police sergeant for the City of Philadelphia who is employed in such capacity at all times material hereto and whose first name is currently unknown and who is therefore also referred to as Police Sergeant **JOHN DOE** and who was among the officers who participated in the assault and arrest of the plaintiff, Kareem Smith, on April 6, 2009.

11. Defendant is also the **CITY OF PHILADELPHIA POLICE DEPARTMENT**, (hereinafter "police department") a municipal department of the County of Philadelphia, which at all times relevant was the employer of the City of Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

12. Defendant is also the **CITY OF PHILADELPHIA**, a city of the first class located in the County of Philadelphia, organized and operating pursuant to state and local laws, in its capacity as the employer and policymaker of the defendant Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

## FACTS

13. At all times material hereto, defendants, Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant

Keifer, a/k/a Philadelphia Police Sergeant John Doe, were police officers of the City of Philadelphia and were acting in their capacities as agents, servants, workmen and employees of these entities under their direction and control and were acting pursuant to either official policy or the custom, practice and usage of the City of Philadelphia Police Department.

14. Defendant, City of Philadelphia, in this cause, acted through its agents, employees and servants who was or were the policymakers for the City of Philadelphia and for its employees including defendants, Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, along with other officers involved in the arrest and/or beating of the plaintiff, Kareem Smith, on or about April 6, 2009 as described more fully hereafter.

15. On April 6, 2009 at approximately 10:20 p.m., plaintiff's girlfriend, Tiffany Barnes, called the police to her residence at 6728 North 16th Street in Philadelphia Pennsylvania and requested that the plaintiff "be 302'd."

16. In response to the 911 call placed by Ms. Barnes, defendant Philadelphia Police Officers Hanton and Reid arrived at the plaintiff's residence after Philadelphia Police Officer Anderson who was the first to arrive in response to the telephone call placed by Ms. Barnes.

17. Upon the defendant Officers Hanton and Reid's arrival at the plaintiff's residence, the plaintiff was sitting on the steps in front of the property at 6734 North 16th Street.

18. At this point in time, defendant, Officer Jason Reid, approached the plaintiff and requested that the plaintiff stand up so that Officer Reid could handcuff him.

19. As the plaintiff complied and stood up, defendant Officer Reid was joined by several other police officers including defendant Officers Hanton and Mancuso.

20. At this point, one of the defendant police officers screamed at the plaintiff to sit down, grabbed the plaintiff by his shirt at his neck and pushed the plaintiff down on the concrete.

21. As this occurred, defendant Officer Reid advised that plaintiff stood in response to instructions to do so. Handcuffs were then placed on the plaintiff.

22. After plaintiff was handcuffed, one of the defendant police officers grabbed the plaintiff's ankle and began to twist it as the plaintiff screamed in pain while several other police officers including defendant Officers Hanton and Mancuso began to beat the plaintiff about his head and body with their batons.

23. At some point thereafter, the plaintiff, who was still in handcuffs and on the ground was tazered not less than five times by defendant Police Sergeant Michael Whaley and other police officers.

24. Following the assault upon the plaintiff as aforesaid, the plaintiff was brought by the defendant police officers to the emergency room at Albert Einstein Medical Center for treatment of the injuries he sustained as a result of the beatings which included but are not limited to a closed head injury, lacerations about his head and cervical pain, lumbar pain and headache.

25. Up to and during the arrest of the plaintiff, plaintiff was subjected to the use of unnecessary and unreasonable force and deprived of his liberty in violations of the civil rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, the application of which force was a factual cause of the injury to his person.

26. The foregoing actions of the defendant police officers involved in the assault and beating of the plaintiff, constituted a violation of the plaintiff's constitutional right to be free from the use of excessive force and a violation of his right to be free from summary punishment.

27. After the assault and battery inflicted upon him by the defendant police officers, the plaintiff suffered pain and suffering and endured humiliation and embarrassment.

28. As a direct and proximate result of the said acts, the plaintiff suffered injuries and damages including but not limited to the following:

> a) violation of his constitutional rights to be free from an unreasonable seizure under the Fourth Amendment and to be free from a deprivation of liberty under the Fourteenth Amendment;
>
> b) violation of his constitutional right to be free from the use of excessive force;
>
> c) violation of his right to be free from summary punishment;
>
> d) loss of physical liberty;
>
> e) physical pain and suffering;
>
> f) emotional upset and trauma;
>
> g) expenses incurred in the medical treatment of his condition;
>
> h) humiliation and embarrassment; and
>
> i) injury to his reputation.

All entitling him to compensatory and punitive damages as set forth below

## COUNT I

### 42 U.S.C.§ 1983 AGAINST DEFENDANT POLICE OFFICERS

29. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth at length.

30. Plaintiff claims damages against Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, as well as other City of Philadelphia Police Officers involved in the arrest and beating of the plaintiff, Kareem Smith, individually and in their

official capacities for the injuries and damages set forth above under 42 U.S.C.§ 1983 for violation of plaintiff's constitutional rights under color of state law.

## COUNT II

### ASSAULT AND BATTERY AGAINST DEFENDANT POLICE OFFICERS

31. Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth at length.

32. Defendant Philadelphia Police Officers involved in the arrest and beating of plaintiff, Kareem Smith, including but not limited to Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, assaulted and battered the plaintiff.

33. As a result of this assault and battery, plaintiff suffered the aforesaid injuries and damages.

## COUNT III

### FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA

34. Paragraphs 1 through 33 are incorporated here by reference as though fully set forth at length.

35. As a direct and proximate result of the defendant police officers' conduct committed under color of state law, defendants deprived plaintiff, Kareem Smith, of his rights privileges and immunities under the laws and Constitution of the United States, plaintiff's rights to be free from unreasonable and excessive force, unreasonable searches and seizures and false imprisonment

to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

36. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries.

37. It was the policy and/or custom of the defendant, City of Philadelphia and City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police officers, including but not limited to Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, who defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law.

38. The City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest and improper searches and seizures;

    b. The failure of police officers to follow established policies and procedures regarding probable cause for arrest;

    c. Proper procedures, in the manner in which detainees are treated so that they are not subject to physical abuse at the hands of police so that: i) employees of Defendant City of Philadelphia, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant City of Philadelphia can properly monitor the conduct and performance of their employees to assure compliance with the laws and

Constitutions of the United States and the Commonwealth of Pennsylvania; and iii) citizens such as the plaintiff can determine the identities of those employees who subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and

d. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

39. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants, Sergeant Michael Whaley, Sergeant Keifer, a/ka Philadelphia Police Sergeant John Doe and the defendant police officers herein to violate the rights of citizens such as plaintiff's.

40. By these actions, all defendants, acting in concert and conspiracy, have deprived plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

41. It was the policy or custom of the defendant, City of Philadelphia, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its officers/detectives.

42. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant police officers herein to violate the rights of citizens such as the plaintiff.

43. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia, including but not limited to the defendant police officers herein, believed their actions would not be properly monitored by supervisory officers, including Sergeant Michael Whaley and Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, and that their misconduct would not be investigated or sanctioned but would be tolerated.

44.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT IV

### 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA POLICE DEPARTMENT

45.    Paragraphs 1 through 44 are incorporated here by reference as though fully set forth at length.

46.    As a direct and proximate result of defendants' conduct committed under color of state law, plaintiff was deprived of his right to be free from unreasonable and excessive force, to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

47.    As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries which caused him receive emergency room treatment at Albert Einstein Medical Center and follow up medical care.

48.    It was the policy and/or custom of the defendant, City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police Department officers involved in the arrest and assault and battery upon the plaintiff, Kareem Smith, including but not limited to defendants, Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer

Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, who defendant, City of Philadelphia, knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law.

49. It was the policy or custom of the defendant, City of Philadelphia Police Department, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its police officers.

50. The City of Philadelphia Police Department failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant police officers named herein, to violate the rights of citizens such as the plaintiff.

51. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia Police Department, including the defendant police officers herein, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

52. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia Police Department to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT V

### SUPPLEMENTAL STATE CLAIMS - ASSAULT AND BATTERY

53. Plaintiff incorporates by reference paragraphs 1 through 52 of his complaint.

54. The acts and conduct of the defendant police officers, Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, in this cause of action constitutes assault, battery and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT VI

### SUPPLEMENTAL STATE CLAIM - FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT POLICE OFFICERS

55. Plaintiff incorporates by reference paragraphs 1 through 54 of his complaint.

56. The defendants, Philadelphia Police Officer Ricardo Hanton, Badge #5448, Philadelphia Police Officer Stephen Mancuso, Badge #4227, Philadelphia Police Officer Jason Reid, Badge #4415, Philadelphia Police Sergeant Michael Whaley, Badge #8551, Philadelphia Police Officer Davis, a/k/a Philadelphia Police Officer John Doe, Philadelphia Police Officer Anderson, a/k/a Philadelphia Police Officer John Doe and Philadelphia Police Sergeant Keifer, a/k/a Philadelphia Police Sergeant John Doe, illegally arrested and illegally imprisoned the plaintiff, Kareem Smith, while subjecting him to an assault and battery.

57. As a result of this illegal arrest and imprisonment, plaintiff, Kareem Smith, suffered damages as aforesaid.

WHEREFORE, the plaintiff requests that the Court:

    a) award compensatory damages to plaintiff against the defendants jointly and severally;

    b) award exemplary or punitive damages against the defendants

    c) award reasonable costs and attorney's fees to the plaintiff; *and*

    d) award such other relief as the Court may deem appropriate.

JAFFE & HOUGH

By: _____
TIMOTHY R. HOUGH, ESQ.
Attorney for plaintiff
I.D. # 40898
JAFFE & HOUGH
1907 Two Penn Center Plaza
15th Street & JFK Blvd.
Philadelphia, PA 19102
(215) 564-5200